

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 21, 1961

Honorable Henry Wade
Criminal District Attorney
Dallas, Texas

Dear Mr. Wade:

Opinion No. WW-1150

Re: Whether the Commissioners
Court of Dallas County has
the authority to acquire a
lien on real estate owned
by persons whom the Dallas
County Department of Public
Welfare has determined to
be paupers under the stand-
ards approved by the Com-
missioners Court.

Your request for an opinion proposes the following:

Whether the Commissioners Court of
Dallas County has the authority to acquire
a lien on real estate owned by persons
whom the Dallas County Department of
Public Welfare has determined to be
paupers under the standards approved
by the Commissioners Court.

Article 2351, Vernon's Civil Statutes, prescribes
the powers and duties of the Commissioners Court insofar as
they relate to paupers. This Article provides in part as
follows:

"Each Commissioners Court shall:

". . .

"11. Provide for the support of paupers
and such idiots and lunatics as cannot be ad-
mitted into the lunatic asylum, residents of
their county, who are unable to support
themselves. By the term resident as used
herein, is meant a person who has been a
bona fide inhabitant of the county not
less than six months and of the State not
less than one year.

"12. Provide for the burial of
paupers.

". . ."

Nowhere in the foregoing Article is there any wording which would create an obligation on the part of a pauper to secure by lien or to otherwise repay or reimburse the county in whole or in part for public funds expended for his support. A lien on either personal or real property arises only by virtue of a contract or some statutory provision. 28 Tex.Jur. 7, Liens, Sec. 4.

Also, Commissioners Courts are of limited jurisdiction in that their authority extends only to matters pertaining to the welfare of their respective counties and their powers are only those that are expressly or impliedly conferred upon them by the Constitution or statutes of the State. 11B Tex.Jur. 83, Counties, Sec. 65.

In addition, the case of <u>Willacy County v. Valley Baptist Hospital</u>, 29 S.W.2d 457 (Civ.App. 1930) held:

> ". . . The powers and duties of county commissioners courts, and the obligations of the counties to paupers, are fixed by statute, and cannot be enlarged upon by unnecessary implication. These powers and duties, in so far as applicable here, are defined in and restricted by the provisions of articles 2351 and 4438, Rev.St. 1925. In article 2351 it is provided that each commissioners court shall (subdivision 11) 'provide for the support of paupers . . . residents of their county, who are unable to support themselves,' . . ."

The language quoted above states the proposition that Section 11 of Article 2351, Vernon's Civil Statutes, creates an obligation on the part of the Commissioners Courts of this state to provide for the support of paupers resident within their respective counties and it in no way creates a corresponding obligation on the part of paupers to repay or otherwise secure payment of funds which may have been expended in their behalf under the authority of Section 11. Furthermore, Attorney General Opinion No. O-6570-A held that the State Department of Public Welfare did not have the authority to accept repayment of old age assistance grants from a qualified recipient because the Legislature had not authorized this Department to accept such a repayment. Likewise, there is no statutory authority providing for any type of repayment by paupers to a County Department of Public

Welfare.

If the person that the Dallas County Department has determined to be a pauper, is in fact not a pauper, we are not passing upon the right of the County to litigate this fact question and the right of the County to recover by judgment any sums spent in supporting a person, who in fact was not a pauper.

### S U M M A R Y

The Commissioners Court of Dallas County does not have the authority to acquire a lien on real estate owned by paupers whom the Dallas County Department of Public Welfare has determined to be paupers under the standards approved by the Commissioners Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

IRW:ds:lgh

By I. Raymond Williams, Jr.
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Henry G. Braswell
Joe B. McMaster
H. Grady Chandler
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.